IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Tiffany S., | ) |
|                Plaintiff, | ) Civil Action No.: 5.20-cv-02872-JMC |
| v. | ) **ORDER AND OPINION** |
| Kilolo Kijakazi,[1] Acting Commissioner of Social Security Administration, | ) |
|                Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on September 8, 2021. (ECF No. 17). The Report addresses Plaintiff Tiffany S.' ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"), and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further proceedings. (ECF No. 17 at 1.) The Commissioner informed the court she would not object to the Magistrate Judge's Report. (ECF No. 18.) For the reasons stated herein, the court **ACCEPTS IN PART** the Report and incorporates it herein, **REVERSES** the Commissioner's decision, and **REMANDS** the action under §405(g) of the Social Security Act for further review consistent with this order.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action is required to continue this suit under the last sentence of 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 17 at 1-12.) As brief background, Plaintiff filed an application for disability benefits on June 19, 2017, which was denied initially and on reconsideration. (*Id.* at 2.) An administrative law judge ("ALJ") determined, on July 25, 2019, that Plaintiff was not disabled as defined under the Social Security Act, as amended, and not entitled to benefits. (*Id.*)

More specifically, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, posttraumatic stress disorder, and depression. (*Id.* at 8.) The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to:

> "to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently. She can sit for 6 hours in an 8-hour day and stand and/or walk for 6 hours in an 8-hour day. The claimant can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and she can never climb ladders. She can have no frequent public interaction."

(*Id.*) The ALJ also found that Plaintiff is "unable to perform any past relevant work." (*Id.*)

In reaching this determination, the ALJ found two opinion letters by Plaintiff's physiatrist, Dr. Gregory Kang, to be unpersuasive. (*Id.* at 15.) Dr. Kang submitted two statements, dated September 2017 and August 2018, respectively, on the record. (*Id.* at 14.) Dr. Kang's September 2017 letter stated that Plaintiff had been his patient since August 2017, had suffered work-related injuries to her neck, back, and left knee, and developed osteoarthritis in her left knee as a result. He also outlined Plaintiff's chronic pain and weakness radiating from her neck to her arms and from her lower back to her legs. (*Id.* at 13.) As discussed in the Report, Dr. Kang made the following findings:

> "[Plaintiff] has difficulty with multiple functional tasks because of these problems. She has difficulty with sitting for more than 20 minutes at a time before having to change positions.

> She cannot stand still for more than 20 minutes at a time before she has to change positions. Walking also for 20 minutes at a time can cause severe pain and she has to rest shortly thereafter. Bending, lifting, and twisting also cause her pain to be aggravated. Her condition has not improved to any appreciable degree since 2008. She has required long-term pain management and use of opiate medications to help relieve some of her pain. Because of these reasons, I do feel that [Plaintiff] is permanently disabled and incapable of any type of gainful employment."

(*Id*. at 13-14.)  In addition, Dr. Kang submitted a medical Questionnaire, dated August 30, 2018, which discussed several of Plaintiff's diagnoses, including cervical disc herniation, lumbar disc herniation, and osteoarthritis in the left knee, which were supported by MRI and x-rays. (*Id*. at 14.) Dr. Kang also provided his assessment of Plaintiff's lifting and climbing capacity, indicating that "Plaintiff could frequently lift up to 10 pounds, occasionally lift 10-20 pounds, and never lift over 20 pounds . . . [and that] Plaintiff was restricted in climbing stairs or ladders and in bending, and [] would require rest periods during the day." (*Id*.) The ALJ afforded little weight to these opinions, stating the September Letter was "not . . . persuasive, as [Dr. Kang's opinions] are not supported by his own treatment notes, which do not reflect any strength deficits, gait abnormalities, or objective findings that would support his limitations on standing, sitting and walking." (*Id*.) The ALJ did determine that Dr. Kang's opinions as to Plaintiff's ability to lift and carry were "partially persuasive" because they were "supported by [] treatment notes and consistent with other evidence showing no strength deficits. (*Id*. at 15.)

After considering Plaintiff's RFC, age, education, and work experience, the ALJ determined that there were "jobs that exist in significant numbers in the national economy that [she could] perform." (ECF No. 17 at 9.)  On this basis, the ALJ denied disability benefits to Plaintiff because she was not disabled for purposes of the Social Security Act ("the Act"). (*Id*.)

Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on June 17, 2020. (ECF No. 17 at 2.)  Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating

that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on March 26, 2020. (ECF No. 1.)

In the Report, the Magistrate Judge concluded the ALJ "properly considered the supportability and the consistency of Dr. Kang's opinions" and "provided an adequate explanation for why he found the opinions persuasive or unpersuasive." (ECF No. 17 at 16.) The Report indicated the ALJ properly incorporated his findings as to Dr. Kang's opinions into his RFC determination. (*Id*. at 16-17.) Turning to the ALJ's consideration of Plaintiff's medical treatment, however, the Magistrate Judge found that the ALJ had erred when he relied, throughout his RFC determination, on the "conservative" nature of Plaintiff's treatments, and the fact that no surgery had been recommended. (*Id*.) Noting that applicable regulations require an ALJ to consider and address a claimant's reasons for not pursuing treatment, "including whether an individual may not be able to afford treatment and may not have access to free or low-cost medical services," the Magistrate Judge found the ALJ improperly assumed Plaintiff's "conservative treatment" was due to the fact no surgery had been recommended. (*Id*. at 18 (citing SSR 16-3p, 2017 WL 5180304 at *10).) The evidence on the record, however, indicated "Plaintiff needed a referral to an orthopedic surgeon, but was unable to afford it." (ECF No. 17 at 18.) Because the ALJ's decision did not address how much weight he placed on this factor, the Magistrate Judge recommended the case be remanded for further administrative proceedings. (*Id*. at 18-19.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 17 at 18-19.) The Commissioner

5

notified the court he will not file objections (ECF No. 18) and Plaintiff has likewise offered no objections. First, the court considers the Magistrate Judge's findings as to the ALJ's evaluation of Dr. Kang's opinion evidence. Second, the court considers the ALJ's evaluation of Plaintiff's "conservative" medical treatment.

### 1. Doctor Kang's Medical Opinions

The Magistrate Judge correctly noted that "in undertaking review of the ALJ's treatment of a claimant's medical sources, the court focuses its review on whether the ALJ's decision is supported by substantial evidence." (ECF No. 17 at 16.) Here however, the court finds the ALJ did not properly determine the consistency and supportability of Dr. Kang's opinions in light of the entire record. The ALJ's analysis rests, in part, on the assumption that only conservative treatment was recommended for Plaintiff's symptoms. (ECF No. 17 at 15.) As the Magistrate Judge correctly determined, however, this is not entirely supported by the record, as it does not consider that Plaintiff may have needed surgical treatment but was unable to afford it. Moreover, the ALJ did not apply the correct standard as to Plaintiff's allegations of pain. The United States Court of Appeals for the Fourth Circuit recently explained that in evaluating a claimant's subjective complaints of pain, "while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity." *Arakas v. Saul*, No. 19-1540, 2020 WL 7331494, *6 (4th Cir. 2020) (citing *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). "Rather, a claimant is "entitled to rely exclusively on subjective evidence to prove the second part of the test." *Arakas*, No. 19-1540, 2020 WL 7331494 at *6-7. The Fourth Circuit went on to find that the ALJ had "improperly discredited" the claimant's statements "about the severity, persistence, and limiting effects" of his pain, by emphasizing that "the doctors' reports "fail[ed] to reveal the type of significant clinical and

6

laboratory abnormalities one would expect if the claimant were disabled." *Id*. Here too, the ALJ's stated reasons for discounting Dr. Kang's opinion apply an incorrect legal standard and "improperly increase [Plaintiff's] burden of proof" as to her subjective allegations of pain. (ECF No. 15 at 4 (citing *id*.).) Regardless of his general awareness of Plaintiff's pain symptoms, the ALJ's discussion did not provide "specific reasons for the weight given to the treating source's medical opinion supported by evidence in the case record" that is "sufficiently specific to make clear . . . the reason for that weight." SSR 96-2p, 1997 WL 374188, at *5. On remand, the court instructs the ALJ to consider all relevant evidence while applying the correct legal standard.

## 2. Plaintiff's Medical Treatment

As to this issue, the court discerns no clear error on the face of the Report and holds that the Magistrate Judge correctly concluded that the ALJ did not adequately explain his reliance on the incorrect presumption that Plaintiff failed to obtain additional medical treatment due to the fact no such treatment was indicated (rather than her inability to afford treatment). Accordingly, the court adopts the Report herein.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 17), **REVERSES** the Commissioner's decision and **REMANDS** the action under sentence four of § 405(g) of the Social Security Act for further review consistent with this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 24, 2022
Columbia, South Carolina